UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:07CV-9-H

LEHMAN CAPITAL, A DIVISION OF                                                    PLAINTIFF
LEHMAN BROTHERS HOLDING, INC.

V.

LOUISVILLE REGIONAL AIRPORT                                                     DEFENDANTS
AUTHORITY, *et al.*

**MEMORANDUM OPINION AND ORDER**

The Louisville Regional Airport Authority ("Airport Authority") purchased a piece of property commonly known as 1128 Meadow Avenue, Louisville, Kentucky, from Larry and Vickie Jo Anslinger ("the Anslingers"). Lehman Capital ("Lehman") now asserts that the Anslingers' original mortgage on that property still encumbers 1128 Meadow Avenue, and has filed this declaratory judgment action seeking a judgment to that effect. The Airport Authority has moved to dismiss the case for failure to state a claim. For the following reasons, the Court will grant the Airport Authority's motion and dismiss the case, leaving Guardian Title Corporation ("Guardian") and Stewart Title Guaranty Company as the only remaining defendants.

I.

On September 15, 1999, a mortgage was recorded ("the Original Mortgage") on the property commonly known as 1128 Meadow Avenue, Louisville, Kentucky, 40213, between the Anslingers (mortgagors) and Ameriquest Mortgage Company (mortgagee). As security for a loan of $48,750.00 from Ameriquest, the mortgage encumbered real property owned by the Anslingers. The legal description of the property attached to the mortgage described by metes

and bounds the property commonly known as 1128 Meadow Avenue. The Original Mortgage was recorded in Mortgage Book 5261, Page 306 in the Jefferson County Clerk's office.

On May 15, 2000, the Original Mortgage was re-recorded at the Jefferson County Clerk's Office. The Corrected Mortgage was in fact the same document as the Original Mortgage, with three important changes. First, the mortgage book page numbers were scratched out and new numbers were added. Second, a notation was added under the portion of the Corrected Mortgage that states: "LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF." That notion read: "PLEASE RE-RECORD TO ADD THE CORRECT LEGAL DESCRIPTION." Third, there is a legal description of the property attached as Exhibit A to the Corrected Mortgage that describes by metes and bounds a separate piece of property, commonly known as both 1130 Meadow Avenue, Louisville, Kentucky, and 4900 Preston Highway, Louisville, Kentucky. This property was contiguous to the 1128 Meadow Avenue property and also owned by the Anslingers. The legal description indicates that it was lodged by Guardian. The Corrected Mortgage was recorded in Mortgage Book 5494, Page 766 in the Jefferson County Clerk's office.

On January 3, 2001, Ameriquest, by its attorney-in-fact, Ocwen Federal Bank FSB, recorded a Deed of Release in Deed Book 7569, Page 50 in the Jefferson County Clerk's office (the "Release"). The Release provided:

> That for good and valuable consideration, the receipt of which is hereby acknowledged, Mortgagee hereby waives, remises, and releases that certain mortgage in the original principal amount of $48,750.00 provided in Mortgage dated 8-30-99 and recorded in Mortgage Book 5494 Page 766 in the office of the County Court Clerk of Jefferson County, Kentucky.

The Release then by metes and bounds described the property identified in the attachment to the Corrected Mortgage (i.e. the 1130 Meadow Avenue/4900 Preston Highway property), and went on to say:

> PROVIDED, HOWEVER, the within release affects only the above-described real estate and no other, it being understood and acknowledged that the promissory note secured by the subject mortgage remains unpaid and in full force and effect. Neither the Promissory Note dated 8-30-99, nor any other mortgage or security agreement given by Mortgagors to Mortgagee shall be affected by this release.

On April 9, 2001, the Airport Authority purchased the property commonly known as 1128 Meadow Avenue from the Anslingers. The Airport Authority apparently had some knowledge of the Original Mortgage, as Lehman alleges that the Airport Authority called Lehman's counsel several times to inquire regarding the balance due to Ameriquest. Lehman also alleges that the Anslingers informed the Airport Authority "repeatedly" that the Original Mortgage encumbered the property. On April 11, 2006, Ameriquest assigned the Original Mortgage to Lehman. Between April 9, 2001 and April 11, 2006, apparently no payments were made on the Original Mortgage or on the Corrected Mortgage. Certainly the Airport Authority made no payments on the mortgage during that five-year period.

Lehman has now filed this declaratory judgment action seeking a judgment stating that the Original Mortgage still encumbers the property commonly known as 1128 Meadow Avenue, which is now owned by the Airport Authority. Lehman also seeks its attorney's fees and court costs pursuant to the terms of the Original Mortgage. The Airport Authority has moved to dismiss the case under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

II.

Dismissal of a complaint via Rule 12(b)(6) is appropriate when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *rev'd on other grounds, Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). When analyzing a claim under Rule 12(b)(6), the Court "must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). However, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III.

First, the Court must examine the validity of the Corrected Mortgage. Under Kentucky law one may correct a mortgage to describe properly the encumbered property. *Head v. Hunter*, 256 S.W. 12, 13 (Ky. 1923). Here, there is no question that the Anslingers and Ameriquest filed the Corrected Mortgage properly, including a notation to "PLEASE RE-RECORD TO ADD THE CORRECT LEGAL DESCRIPTION." As the Airport Authority properly argues, the filing of the Corrected Mortgage either encumbered 1130 Meadow Avenue (the property described in the Corrected Mortgage) or failed to correct the Original Mortgage, leaving 1128 Meadow Avenue encumbered. It certainly was not the intention of the parties on May 15, 2000 to encumber *both* 1128 and 1130 Meadow Avenue. Clearly, the intent of the filing (even if mistaken) was to encumber 1130 Meadow Avenue, the property described in the Corrected Mortgage.

The second question concerns the effect of the Release. The Release unquestionably had

4

two results: it *did* release the Corrected Mortgage, and it *did not* release the Anslingers from their obligation to pay the Promissory Note related to the Original and Corrected Mortgages. Lehman argues that the Release also explicitly *did not* release the Original Mortgage's encumbrance on 1128 Meadow Avenue. For that position, it relies on this language from the Release: "[No] other mortgage or security agreement given by Mortgagors to Mortgagee shall be affected by this release." This language would certainly prevent the Anslingers from arguing that other, completely separate mortgages had been released by the Release. However, the Corrected Mortgage here had the effect of completely *replacing* the Original Mortgage; the Corrected Mortgage itself contained explicit instructions to "RE-RECORD" the mortgage to effectively replace it.

     Lehman points out that the Jefferson County Clerk's online records indicate that the Original Mortgage has not been released. While that is true, the "Refers To" function on the clerk's online records also shows that an "MOC" ("Mortgage of Correction") was filed related to the Original Mortgage. Following that link to the Corrected Mortgage, the clerk's online records show that the Corrected Mortgage *has* been released. The situation here seems to be one where the County Clerk has not made a ministerial notation of what has happened in legal reality. When the Corrected Mortgage was filed, it seems clear the intent of the parties was to release the property encumbered by the Original Mortgage. Most likely, the intent of the parties to the Release was to somehow revive the Original Mortgage. Certainly the Anslingers, and perhaps even the Airport Authority, believed that to be the case. However, the legal reality is that the Original Mortgage was replaced by the Corrected Mortgage, and the Corrected Mortgage was released by a properly executed Deed of Release. The Original Mortgage was not somehow

5

brought back from legal death by the Release, and the fact that the Jefferson County Clerk has recorded it as *not* released is not dispositive here.

Lehman is not left without remedy here: it can pursue a claim against the remaining Defendants, and it may be able to assert a claim on the promissory note signed by the Anslingers. However, the net effect of the various recording acts that occurred in this case was to transfer the Anslingers' property to the Airport Authority free and clear of any mortgage. Any other result would be at odds with the facts presented here.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motions to dismiss is SUSTAINED and all claims against Defendant Airport Authority are DISMISSED. The Court will set a conference in the near future to discuss a further litigation schedule.

cc:     Counsel of Record